IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

**ASHLAND INC., d/b/a VALVOLINE,
and ASHLAND LICENSING AND
INTELLECTUAL PROPERTY LLC,**

      Plaintiffs,

v.                                    CIVIL ACTION NO.: 3:13-cv-21768

**KWIK LUBE, INC.,**

      Defendant.

## COMPLAINT

**COME NOW** Plaintiffs Ashland Inc., d/b/a Valvoline, and Ashland Licensing and Intellectual Property LLC (hereinafter collectively referred to as "Ashland"), by and through their counsel, and for their Complaint, state and aver as follows.

## NATURE OF THE ACTION

This is a civil action for trademark infringement, dilution, and unfair competition, under the Lanham Act, 15 U.S.C. § 1114 and 1125 (a), (c) and (d), and state law, W.Va. Code § 47-2-12, and § 47-2-14.

## PARTIES

1.    Ashland Inc. is and was at all times relevant herein a corporation organized and existing under the laws of the Commonwealth of Kentucky with its principal of business located at 50 E. Rivercenter Boulevard, Covington, Kentucky;

2.    Under the trade name Valvoline, Ashland markets, distributes, and produces automotive products and services including automotive lubricants, transmission fluids, gear oils,

hydraulic lubricants, automotive chemicals, specialty products, greases and cooling system products.

3. Valvoline is a registered trade name for Ashland in the State of West Virginia;

4. Ashland Licensing and Intellectual Property LLC ("ALIP") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Dublin, Ohio. Ashland Inc. is the sole member of ALIP.

5. ALIP holds as a corporate asset the Valvoline® registered trademark. *See* Trademark Registration No.: 1,601,798; 1,059,021; 1,084,465; 3,512,482; and 2,015,438, attached hereto as *Exhibit A*;

6. Defendant Kwik Lube, Inc. is and was at all times relevant herein a corporation organized under the laws of the State of West Virginia with its principal place of business located at 1522 Third Ave. Huntington, WV 25701;

## JURISDICTION AND VENUE

7. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 6 above as if fully set forth herein;

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 as the claims herein arise under the laws of the United States in so far as the actions of the Defendant constitute a violation of the Lanham Act, 15 U.S.C. §§ 1121 and 1125;

9. All other claims herein alleged are so related to the claim under which this Court's original jurisdiction is founded that they form part of the same case or controversy and are a proper exercise of the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367;

;

10. This Court is a proper venue for this action under 28 U.S.C. § 1391(a)(2) as a substantial part of the acts and omissions giving rise to this dispute occurred within this judicial district and division;

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

11. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 10 above as fully set forth herein;

12. Kwik Lube, Inc. owns and operates an automobile repair/service facility in Huntington, West Virginia;

13. Kwik Lube, Inc. advertises its store to the general public through signs and displays both on the building itself and around the building, as seen in photographs attached hereto as *Exhibit B*;

14. Kwik Lube, Inc. advertises certain products and services as being available at the Kwik Lube store, including advertising the use of the Valvoline® product brand;

15. The display of the Valvoline® trademark is reserved for those businesses under a product supply or other agreement with Ashland/Valvoline authorizing the display of the trademark and logo;

16. Kwik Lube, Inc. is not under such an agreement with Ashland/Valvoline and, as such, has no authority to display the Valvoline® trademark or logo;

17. Plaintiffs, upon seeing the signs advertising Valvoline®, sent Defendant a cease and desist letter dated December 20, 2012, demanding the immediate removal of all Valvoline® marks and warning that legal action will be taken if Defendant refused to comply. *See* Letter from Julie O'Daniel, attached hereto as *Exhibit C*;

18. Plaintiffs demanded that Defendant provide written confirmation within 10 days of it receipt of the cease and desist letter that Defendant had removed all Valvoline® references from the store's advertisements and to confirm that no references will be made in the future;

19. Plaintiffs followed up after the 10 day period via several telephone calls demanding the removal of any Valvoline® references on any signage or display at Defendant's store;

20. As Defendant continued to display the signage at its service center location, counsel for the Plaintiffs sent an additional letter on May 3, 1013, demanding the immediate removal of the signage. *See* <u>Letter from J. David Bolen</u>, attached hereto as ***Exhibit D***;

21. Despite the numerous requests by Plaintiffs, Defendant currently still displays many Valvoline® references on or around Kwik Lube's Huntington facility, easily viewable by the general public;

22. For purposes of this action, the Trademarks are displayed solely or in combination as:



23. Plaintiffs did not consent to Defendant using the Trademarks as part of Defendant's signage and as displayed on and around the Kwik Lube store;

24. Without Plaintiffs' consent, Defendant is infringing on Plaintiffs' rights and damaging Plaintiffs' economic interests;

25.     It is upon information and belief that Defendant, although advertising the use of Valvoline products at his location, in fact uses products other than Valvoline and thus misrepresents to the general public that it is using solely Valvoline® branded products;

## COUNT I
### (Trademark Infringement in Violation of 15 U.S.C. § 1114)

26.     Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 25 above as if fully set forth herein

27.     Ashland Licensing and Intellectual Property LLC is the owner of United States Trademark Registration Nos. 1,601,798; 1,059,021; 1,084,465; 3,512,482; and 2,015,438 for the Valvoline® mark (hereinafter collectively referred to as "Trademarks"). *See Exhibit A*;

28.     Plaintiffs' Trademarks are protected under the Lanham Act, 15 U.S.C. § 1051, as they are registered and verified trademarks;

29.     The registered Trademarks demonstrate the validity and exclusive right to use the marks, alone and in combination with other words and/or designs, and are constructive notice of ownership thereof, as provided by 15 U.S.C. §§ 1057(b) and 1072.  Ashland Inc., including its division Valvoline, is the exclusive licensee of the Trademarks within the United States;

30. ALIP and its predecessors have developed its Trademarks at great expense so that today they are valuable and irreplaceable assets. The Trademarks have become favorably known in the minds of the purchasing public generally throughout the United States as indicating the source, origin, and quality of Valvoline's products and services;

31.     Defendant is not authorized to display the Trademarks in the manner and fashion in which it is currently displaying them and continues to display such Trademarks despite requests that the signage be removed;

32. Continued use in interstate commerce of the Trademarks is an infringement of ALIP's rights in those marks and in violation of 15 U.S.C. § 1114(1) and infringes upon Valvoline's and ALIP's goodwill, reputation, trademarks, and service marks; injures Valvoline's and ALIP's business reputation; causes substantial likelihood of confusion as to the relationship, if any, between Ashland and Defendant; and creates the appearance that Defendant is a duly licensed distributor of Valvoline products;

33. Defendant's acts of infringement of the Trademarks have caused and will continue to cause immediate and irreparable injury to Ashland and ALIP if Defendant is not prohibited by this Court from further violation. Ashland and ALIP have no adequate remedy at law, and therefore seek preliminary and permanent injunctive relief under 15 U.S.C. § 1116 and reasonable attorneys' fees, this case being "exceptional" within the meaning of 15 U.S.C. § 1117(a).

## COUNT II
### (Unfair Competition in Violation of 15 U.S.C. § 1125(a))

34. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 33 above as if fully set forth herein;

35. Defendant's actions constitute a false designation of origin or a false description or representation of fact which is likely to cause confusion, to cause mistake, or to deceive as to affiliation, connection, or association, or as to origin, sponsorship, or approval of goods, services, or commercial activities within the meaning of 15 U.S.C. § 1125(a)(1)(A);

36. Defendant's actions constitute a false designation in commercial advertising and promotion of origin or a false description or representation of fact as Defendant's goods and services within the meaning of 15 U.S.C. § 1125(a)(1)(B);

37. Defendant's ongoing violations of section 1125 are committed knowingly, willfully, intentionally and in bad faith.

38. Defendant's continued unauthorized use of the Trademarks infringes upon Ashland/Valvoline's and ALIP's goodwill, reputation, and trademark and service mark rights; injures Ashland/Valvoline's and ALIP's business reputations; causes a likelihood of confusion as to the affiliation, connection, or association of Defendant with Valvoline and ALIP, and/or as to the origin, sponsorship, or approval of Defendant's goods and services by Valvoline and ALIP; and otherwise unfairly competes with Valvoline and ALIP.

39. Defendant's acts have caused and will continue to cause immediate and irreparable injury to Ashland/Valvoline and ALIP and unjust enrichment to Defendant if Defendant is not compelled to remove the signage in question.

## COUNT III
### (Violation of West Virginia Code § 47-2-12, and § 47-2-14)

40. Plaintiffs incorporate the allegations set forth in Paragraphs 1 through 39 above as if fully set forth herein;

41. Defendant's acts constitute trademark infringement and unfair competition under West Virginia Code § 47-2-12, as Defendant is utilizing the Trademarks without the consent of Plaintiffs for purposes of advertising and promotion of sales at its facilities;

42. Defendant's wrongful acts have caused likely confusion and is likely to continue to cause confusion or mistake or to deceive the general public as to the source of origin and quality of Defendants goods and services.

43. Defendant's acts have caused and will continue to cause immediate and irreparable injury to Ashland/Valvoline and ALIP if Defendant is not restrained by this Court from violations of Ashland/Valvoline's and ALIP's rights. Ashland/Valvoline and ALIP have no

adequate remedy at law and therefore seek preliminary and permanent injunctive relief from this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request:

1. That the Court award them judgment on Counts I, II, and III as plead in the Complaint;

2. That the Court issue a preliminary and permanent injunction as to the following items:

   a. Requiring Defendant to immediately remove the signs bearing the Trademarks from its facility; and

   b. Preventing Defendant from any further use of the Trademarks in any fashion;

3. That the Court award any and all costs and fees to which Plaintiffs are entitled, including reasonable attorneys' fees; and

4. That the Court award such other and further relief as deemed appropriate and necessary.

**PLAINTIFFS SEEK A BENCH TRIAL ON ALL ISSUES PRESENTED HEREIN.**

                                        **ASHLAND INC. d/b/a VALVOLINE, and ASHLAND LICENSING AND INTELLECTUAL PROPERTY LLC**

                                        By   /s/ J. David Bolen
                                                      Of Counsel

J. David Bolen, Esquire
Alexis B. Mattingly, Esquire
**HUDDLESTON BOLEN LLP**
611 Third Avenue
Huntington, WV 25701
(304) 529-6181--Telephone
(304) 522-4312--Facsimile
jbolen@huddlestonbolen.com
amattingly@huddlestonbolen.com

**COUNSEL FOR PLAINTIFFS**
**ASHLAND INC. d/b/a VALVOLINE and**
**ASHLAND LICENSING AND**
**INTELLECTUAL PROPERTY LLC**