IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ASHLAND INC., d/b/a VALVOLINE,
and ASHLAND LICENSING AND
INTELLECTUAL PROPERTY LLC,

                Plaintiffs,

v.                                      CIVIL ACTION NO.   3:13-21768

JEFF RANDOLPH d/b/a KWIK LUBE,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending is Plaintiffs' Motion and Request for Attorney Fees, ECF No. 21.

      Pursuant to the Court's December 10, 2013, Order, ECF No. 19, finding Defendant in civil contempt, this Court may order Defendant to reimburse Plaintiffs for reasonable attorneys' fees and costs. *See In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995). However, such "a compensatory sanction may not exceed the actual loss to the complainant caused by the actions of respondent." *Id.* (internal quotation marks omitted).

      "In awarding attorneys' fees [pursuant to a finding of civil contempt], the district court should first focus on the time and labor expended and the customary fees for like work." *Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 138 (4th Cir. 1994). "[D]etermination of the hourly rate will generally be the critical inquiry in setting the 'reasonable fee,' and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorney's own affidavits, the fee applicant must

produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.*

"After determining the initial fee, the district court should consider whether to adjust the fee on the basis of other factors, briefly explaining any adjustment." *Colonial Williamsburg*, 38 F.3d at 138. In so doing, the court should consider the twelve factors enumerated in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n.28 (4th Cir.1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See In re Gen. Motors Corp.*, 110 F.3d 1003, 1032 (4th Cir. 1997). However, "a fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall"; thus, "upward adjustments of the lodestar amount[, determined by multiplying reasonable hourly rates by reasonable hours expended,] based on the other factors listed in *Barber* are not favored and are appropriate only where exceptional circumstances are present." *Almond v. Boyles*, 792 F.2d 451, 456-57 (4th Cir. 1986). Additionally, the court "may adjust the lodestar based only on the []*Barber* factors that are not accounted for in the lodestar figure." *Bradford v. HSBC Mortgage Corp.*, 859 F. Supp. 2d 783, 791 (E.D. Va. 2012).

Plaintiffs provided only a high-level summary of their attorneys' fees and costs in their Motion. Given the applicable standard, the Court cannot rule on this Motion until Plaintiffs provide a detailed summary of all costs and attorneys' fees—including both time expended and billing rate—and some type of evidence regarding the prevailing market billing rates of other local

attorneys with the same skills as Plaintiffs' counsel who are familiar with the same type of work done by Plaintiffs' counsel in the relevant community. *See Grissom v. The Mills Corp.*, 549 F.3d 313, 323 (4th Cir. 2008); *Plyler,* 902 F.2d at 278.

The Court thus **ORDERS** Plaintiffs, **within 14 days** of the entry of this Order, to file[1] sufficient evidence, as detailed above, to support a finding by this Court of a precise amount of "reasonable" attorneys' fees and costs incurred by Plaintiffs in their pursuit during late 2013 of a finding of contempt against Defendant, or they risk the denial of their Motion for Attorney Fees, ECF No. 21.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    April 10, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE

---

[1] In their Motion, Plaintiffs offer to provide more detailed information under seal regarding their calculation of reasonable attorneys' fees, including both an affidavit of counsel and copies of invoices submitted for payment. The Court has no objection to this type of filing.