IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ASHLAND INC., d/b/a VALVOLINE,
and ASHLAND LICENSING AND
INTELLECTUAL PROPERTY LLC,

                Plaintiffs,

v.                                       CIVIL ACTION NO.   3:13-21768

JEFF RANDOLPH d/b/a KWIK LUBE,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiffs' Motion and Request for Attorney Fees, ECF No. 21, and Plaintiffs' Supplemental Motion and Request for Attorney Fees, ECF No. 23. As explained below, these motions are **GRANTED in part** and **DENIED in part**. Defendant Jeff Randolph, d/b/a Kwik Lube, is hereby **ORDERED** to reimburse Plaintiffs for **$1,890.00** in attorneys' fees and costs.

**I.    Background**

Pursuant to the Court's December 10, 2013, Order, ECF No. 19, which found Defendant in civil contempt, Plaintiffs filed the instant Motion and Request for Attorney Fees, ECF No. 21, which requested reimbursement for $1,917.00 in reasonable attorneys' fees and costs incurred in bringing the motion for contempt. On April 10, 2014, the Court entered a Memorandum Opinion and Order which directed Plaintiffs to file, within 14 days of that Order, evidence sufficient to support a finding by this Court of a precise amount of such reasonable attorneys' fees and costs, or risk the denial of their Motion and Request for Attorney Fees. *See* ECF No. 22. Plaintiffs filed their sealed Supplemental Motion and Request for Attorney Fees, ECF No. 23, 15 days after the entry of

the April 10, 2014, Memorandum Opinion and Order. As has been the case throughout the pendency of this action, Defendant did not respond to either of these filings. Both Motions are now ripe for review.

## II.     Standard

"[A] compensatory sanction[, including an award of reasonable attorneys' fees and costs,] may not exceed the actual loss to the complainant caused by the actions of respondent." *In re Gen. Motors Corp.*, 61 F.3d 256, 259 (4th Cir. 1995) (internal quotation marks omitted). "In awarding attorneys' fees [pursuant to a finding of civil contempt], the district court should first focus on the time and labor expended and the customary fees for like work." *Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 138 (4th Cir. 1994). "[D]etermination of the hourly rate will generally be the critical inquiry in setting the 'reasonable fee,' and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.*

"After determining the initial fee, the district court should consider whether to adjust the fee on the basis of other factors, briefly explaining any adjustment." *Colonial Williamsburg*, 38 F.3d at 138. In so doing, the court should consider the twelve factors enumerated in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n.28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in

which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See In re Gen. Motors Corp.*, 110 F.3d 1003, 1032 (4th Cir. 1997). However, "a fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall"; thus, "upward adjustments of the lodestar amount[, determined by multiplying reasonable hourly rates by reasonable hours expended,] based on the other factors listed in *Barber* are not favored and are appropriate only where exceptional circumstances are present." *Almond v. Boyles*, 792 F.2d 451, 456-57 (4th Cir. 1986). Additionally, the court "may adjust the lodestar based only on the []*Barber* factors that are not accounted for in the lodestar figure." *Bradford v. HSBC Mortgage Corp.*, 859 F. Supp. 2d 783, 791 (E.D. Va. 2012).

### III.     Analysis

In their sealed Supplemental Motion and Request for Attorney Fees, Plaintiffs detail the tasks completed (researching and drafting the contempt motion, compiling exhibits for the motion, and appearing in court for the contempt hearing), the dates on which they were completed, the time spent on each task (presumably rounded to the nearest tenth of an hour), the persons completing the work, their positions in the firm—a partner and a legal assistant—, and the rates consequently charged. Plaintiffs also attach the invoices submitted to them by their counsel for these charges. The dates, time expended, tasks, rates, and people completing each task as outlined in the motion correspond with the same information as outlined in the attached invoices.

Plaintiffs also cite numerous recent cases from the Southern District and the Northern District of West Virginia which found hourly rates comparable to and higher than that charged by the partner working on this case to be reasonable. However, Plaintiffs provide absolutely no evidence regarding the regional prevailing market rates for legal assistants in support of the rather high rate charged for the time spent by the legal assistant on this case. *See E. Associated Coal*

*Corp. v. Dir., Office of Workers' Comp. Programs*, 724 F.3d 561, 575 (4th Cir. 2013) (overturning an agency adjudicator's assessment that $100 per hour was the prevailing market rate in Virginia and West Virginia for the services rendered by legal assistants in a Black Lung Benefits Act case).

The Court is satisfied that both the time spent and the rates charged by the partner in preparing and pursuing the contempt motion are reasonable. However, given the complete lack of evidence in support of the rate charged for the legal assistant's time and the Court's explicit instructions in its prior Memorandum Opinion and Order regarding the evidence required of Plaintiffs, the Court excludes the legal assistant's time from the final calculation of reasonable attorneys' fees and costs to be awarded to Plaintiffs. Thus, the Court finds the reduced total attorneys' fees and costs of $1,890.00 to be reasonable reimbursement for the contempt motion work completed in this case.

### IV. Conclusion

As explained above, Plaintiffs' Motion and Request for Attorney Fees, ECF No. 21, and Plaintiffs' Supplemental Motion and Request for Attorney Fees, ECF No. 23, are **GRANTED in part** and **DENIED in part**. Defendant Jeff Randolph, d/b/a Kwik Lube, is hereby **ORDERED** to reimburse Plaintiffs for **$1,890.00** in attorneys' fees and costs.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   May 14, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE